NOT DESIGNATED FOR PUBLICATION

Nos. 116,682
116,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PARMA K. QUENZER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed July 21, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN, and POWELL, JJ.

LEBEN, J.: Parma Quenzer appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentence. Quenzer contends that the district court should have instead given her another chance at probation rather than sending her to prison.

But the district court concluded that leaving Quenzer on probation would threaten public safety, a conclusion supported by Quenzer's continued use of drugs (including heroin) while pregnant and her record of committing crimes (like identity theft and forgery) to finance her drug habits. Because the district court found that leaving Quenzer on probation would threaten public safety, whether to send Quenzer to serve her prison

sentence or leave her on probation became a judgment call for the district court to make. We find no abuse of discretion in the district court's decision to revoke her probation and impose her prison sentence.

Quenzer's criminal activities resulted in three cases against her in Sedgwick County:

- Case No. 15CR1763, in which she was convicted of unlawfully obtaining and distributing a prescription drug, a misdemeanor offense;
- Case No. 15CR2031, in which she was convicted of forgery, a felony offense; and
- Case No. 15CR2916, in which she was convicted of two counts of identity theft, both felony offenses.

The misdemeanor case is not directly involved in the present appeal.

Quenzer committed the identity theft while she was on bond awaiting sentencing in the forgery case; her conviction for identity theft came after she had been placed on probation in the other cases. A single hearing was held to address probation violations in the first two cases and sentencing in the identity-theft case. Quenzer agreed she had violated her probations by committing a theft, failing to report to her probation officer, and failing to stop using illegal drugs, specifically heroin, methamphetamine, and THC.

The court extended her probation in the felony case, No. 15CR2031, another 18 months (the same term as the original probation), but with more intensive supervision. The court also sentenced her to serve an 18-month probation term in the new felony case, case No. 15CR2916, with an underlying 18-month prison sentence if she didn't succeed on probation. That 18-month sentence was made consecutive to her earlier felony sentence, which was 8 months, meaning that she would have to serve 26 months in prison on the two felony cases if she did not successfully complete her probation.

Unfortunately, Quenzer continued to use drugs and violate her probation. In a hearing held in April 2016, she admitted that she had failed to participate in required treatment programs, failed to report to her probation supervisor, and failed to stay away from someone the court had concluded was a bad influence on her (and ordered her not to have contact with). The court gave her a 3-day jail stay as a sanction but reinstated her probation.

Only a few months later, in August 2016, Quenzer, then pregnant, came back before the court on new violations. She admitted that she had failed to attend therapy and drug-treatment sessions, failed to refrain from using drugs (having tested positive for benzodiazepines, amphetamines, and opiates and having admitted using heroin), and failed to obtain employment. This time, the court revoked her probation and ordered that she serve her prison sentence—although the court did shorten the sentence by making her sentences concurrent instead of consecutive, so that her total sentence became 18 months in prison.

In support of its decision to revoke her probation rather than giving her another chance on probation (combined with a further intermediate sanction of a short stay in state prison), the court cited public-safety interests. K.S.A. 2016 Supp. 22-3716(c)(9) provides that a court need not give another chance at probation, combined with an intermediate sanction, and may instead revoke probation and impose the prison sentence "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

Here, the district court concluded that Quenzer's continued use of heroin and other illegal drugs threatened the safety of her unborn child and that her continued drug use caused a substantial risk that she would engage in the same crimes (theft, identity theft, and forgery) that she had previously committed to get drugs. On appeal, Quenzer does

3

not challenge the court's finding that she presented a risk to public safety. Instead, she argues that the court should have given her another chance at probation, with drug treatment as part of the probation, because that would have better addressed her drug addiction.

But once the district court has made the public-safety finding, as it did here, it's a discretionary call for the district court whether to give the offender another chance on probation or send the defendant to serve the underlying prison sentence. The district court has broad discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). We review its decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Quenzer had several chances to successfully complete her probation, and she was not taking advantage of the drug-treatment programs offered as part of the probation. A reasonable person could agree with the district court's decision to impose the prison sentence in light of her probation violations.

On Quenzer's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Quenzer's probation.

The district court's judgment is therefore affirmed.

4